## BLOCK *v.* MAXWELL.

The obligee of a bail bond which has been forfeited, may proceed against the surety by rule. C. P. 235.

By the Act of 1826, all writs of *fieri facias*, issued by the clerks are required to be made returnable in not less than thirty nor more than seventy days.

The condition of a bail bond which declares that the debtor " shall not depart from the State of Louisiana, for the term of three months, without the leave of the court," conforms to the statute, and the additional stipulation, "otherwise he shall pay," &c., is merely the consequence which the law attaches to the breach of the condition of the bond, and cannot impair or add to its legal effect.

BLOCK
*v.*
MAXWELL.

The departure of the principal in a bail bond from the State, within three mo ths, is a violation of his bond, and the return of a writ of *fieri facias* against him, unsatisfied, fixes the liability of his surety.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Roselius* and *Gaither*, for plaintiff. *Durant & Horner*, for defendant.

VOORHIES, J.  A writ of *fieri facias* issued on the judgment in this case, against the defendant, *Bannerman*, on which the Sheriff made the following return, viz: "After diligent search and inquiry, the defendant could not be found, and after a further demand made of *P. Maxwell*, security on defendants' bond, and of Messrs. *Durant & Horner*, attorneys of defendants, and of plaintiff, no property found."

On this return, a rule was taken by the plaintiff on *P. Maxwell*, to show cause why he should not be condemned to pay the amount of the judgment against *Bannerman*, in consequence of the forfeiture of his bail bond.

*Maxwell* filed an exception, averring, first, that the plaintiff had no right to proceed by rule, but must proceed by citation, &c.; second, that *Bannerman* had not been put in default, &c.; and, thirdly, that plaintiff had no right of action, because the bond was a nullity and the writ illegal.

In his answer to the merits, he urged among other grounds of defence, that he was not bound, because an illegal condition had been inserted in the bond without his knowledge or consent, namely, "that the surety will pay the debt;" and because the object of the arrest, which was to secure the appearance of the defendant in the main suit, had been achieved, he, the defendant, having always been actually or, in law, constructively present in court.

On the trial, the rule was made absolute, and *Maxwell*, the defendant therein, has appealed.

The exception, in our opinion, was properly overruled. This case comes clearly within the purview of the Article 235 of the Code of Practice, as amended by the Statute of 1839.

The objection that the execution should have been made returnable in seventy, instead of forty-five days, is untenable. By the Act of 1826, all writs of *fieri facias* issued by the clerks, are required to be made returnable in not less than thirty, nor more than seventy days. The third ground of exception has already been considered in the other case.

The other objections urged by *Maxwell*, we think, are equally untenable. The condition stipulated in the bail bond is in strict conformity with the statute; it declares, that the debtor "shall not depart from the State of Louisiana for the term of three months, without the leave of the court." The additional stipulation, " otherwise he shall pay," &c., is merely the consequence which the law attaches to the breach of the condition of the bond, and cannot impair or add to its legal effect.

A fortnight after Captain *Bannerman's* release on the bail bond, he went to Mobile, and from thence to Liverpool. His departure from the State, within the three months, in violation of his bond, and the return of a writ of *fieri facias* against him unsatisfied, fixed the liability of *Maxwell*, the surety. In *Lindly* v. *Hagens*, 11 R. R. 204, the surety on a precisely similar bail bond, was ruled to show cause why he should not be condemned to pay the judgment against the defendant, on the allegation that a writ of *fieri facias* had been returned *nulla bona*, and that the condition of the bond had been broken

by the departure of the defendant, *Hagens*, from the State, within three months from its date. The defendant in the rule showed that *Hagens*, the principal, was present in open court upon the trial of the suit, and there and then surrendered himself in discharge of his bail, and continued to remain within the jurisdiction of the court. It was urged by the surety, that if *Hagens* had been at any time temporarily absent from the State, no damage or injury had thereby accrued to the plaintiffs, and that the bond contained stipulations not authorized by law. The court said : " It is obvious that the plea, that *Hagens* had surrendered his person in discharge of his bail, cannot avail the surety, because, since the promulgation of the Act to abolish imprisonment for debt, no officer had any authority to take him in custody on such surrender."

As we have reversed the judgment in the other case in favor of the principal in the bond, it follows as a necessary consequence, that the surety is entitled to the same relief.

It is therefore ordered and decreed, that the judgment of the District Court be avoided and reversed ; and that the plaintiff recover of the defendant, *Peter Maxwell*, the sum of one thousand dollars, amount of the judgment rendered against *Donald Bannerman*, principal in the bond, together with all costs; the plaintiff, *Block*, to pay the costs of appeal.